SUMMARY ORDER

Plaintiffs-appellants appeal from the judgment of the district court dismissing this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and from the district court’s denial of their motion for reconsideration. We assume the parties’ familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.
We review the district court’s decision for abuse of discretion and examine whether: (1) the plaintiffs’ failure to prosecute caused a delay of significant duration; (2) the plaintiffs were given notice that further delay would result in dismissal; (8) the defendants were likely to be prejudiced by further delay; (4) the district court carefully balanced the need to alleviate court calendar congestion against the plaintiffs’ right to an opportunity for a day in court; and (5) the district court adequately assessed the efficacy of lesser sanctions. See United States ex rel. Drake v. Norden Sys., Inc. 375 F.3d 248, 254 (2d Cir.2004). No one factor is dispositive, and having carefully considered the record as a whole we conclude that the district court did not abuse its discretion in dismissing this case. See id.
In dismissing this action, the district court emphasized the plaintiffs-appellants’ unreasonable delay and the resulting prejudice to the defendants. The district court did not clearly err in making these findings. See id. (stating that a district *62 court abuses its discretion if its decision was based on a clearly erroneous finding of fact). The evidence supports the district court’s finding that the plaintiffs took no action in this suit for more than four years. Although this suit became subject to a bankruptcy court stay in September 1999 after defendant Rivera filed a Chapter 7 bankruptcy petition, the bankruptcy court lifted the stay in May 2000 and the district court reopened this suit on April 23, 2001. There is no evidence that the plaintiffs-appellants took any action in this suit between June 29, 2001 and December 1, 2005, a period of more than four years. Although the plaintiffs-appellants continued to participate in proceedings before the bankruptcy court regarding the dis-chargeability of defendant Rivera’s debt to them until April 13, 2004, the district court did not clearly err in concluding that many of the delays before the bankruptcy court were the plaintiffs-appellants’ own fault. Moreover, after the bankruptcy proceedings were completed in April 2004, the plaintiffs-appellants continued to fail to prosecute this action for an additional nineteen and a half months.
With respect to prejudice, the district court correctly held that prejudice resulting from unreasonable delay can be “presumed as a matter of law.” Peart v. City of New York, 992 F.2d 458, 462 (2d Cir.1993). Although this presumption is rebuttable, Drake, 375 F.3d at 257, the district court did not clearly err in concluding that the plaintiffs-appellants had failed to submit evidence overcoming this presumption, particularly in light of the inevitable fading of witnesses’ memories over a long period of delay. Moreover, the plaintiffs-appellants have waived the argument that the district court should have held an evidentiary hearing before making any findings, because they failed to request such a hearing prior to the district court’s ruling. Id. at 256.
Although the plaintiffs-appellants point to numerous countervailing considerations under the applicable factors, including (1) that they were displaying diligence at the time the district court dismissed their action, and (2) that they never received notice that further delays would result in dismissal of their action, our case law is clear that a judge enjoys “wide latitude” in determining whether to dismiss an action under Rule 41(b), Peart, 992 F.2d at 461 (internal quotation marks omitted), and that no single factor is dispositive, Drake, 375 F.3d at 254. Given the district court’s findings regarding the plaintiffs-appellants’ long period of delay in prosecution and the resulting prejudice to the defendants, we conclude that it acted within its discretion in concluding that dismissal was warranted.
For the foregoing reasons, we AFFIRM the judgment of the district court.